PEOPLE ex rel. WITTHAUS v. O'DONNELL et al., Com'rs of Taxes and Assessments of New York City.

(Supreme Court, Special Term, New York County. March 13, 1905.)

TAXATION—INEQUALITY OF ASSESSMENT—CERTIORARI.

Tax Law, § 253 (Laws 1896, p. 883, c. 908), provides that, if it appear on certiorari to review an assessment that the assessment is unequal for any of the reasons alleged in the petition, the court may order such assessment to be reassessed, or the assessment corrected on the roll, so as to conform to the valuations and assessments of other property on the same roll. *Held*, that where, on certiorari to review an assessment for inequality, the application for reduction to the tax commissioners and the petition showed only one instance of alleged inequality, a motion to quash the writ would be granted.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 894.]

Certiorari by the people, on the relation of Guy Witthaus, to review an assessment for taxation. Motion to quash the writ granted.

Relator was the owner of certain real property, Nos. 15 to 19 West Fourth street, borough of Manhattan, city of New York, assessed for taxation for the year 1904 at the sum of $340,000. While the books in the office of the commissioners of taxes and assessments were open for correction, he submitted the following application:

"New York, March 29th, 1904.

"Commissioners of Taxes and Assessments, Borough of Manhattan, City of New York—Gentlemen: I beg to call your attention to a discrepancy in the valuation of No. 8 Washington Place and 15, 17 and 19 West Fourth street, and herewith protest, as incorrect, against the valuation of the latter, viz.: 15/19 W. 4th St., which is my property. The two buildings, 8 Washington Place and 15–19 W. 4th St. form in reality only one building, belonging to two owners. Whilst the northerly portion No. 8 Washington Place, being in a better location on account of northerly light, was assessed last year and this year at $180,000, the southerly portion No. 15/19 W. 4th St. was and is assessed at $340,000. Taking the correct dimensions of the buildings as the floor area of each portion into consideration the correct valuation of 15, 17 and 19 W. 4th St. should be only $297,000— and I herewith respectfully ask you to reduce the valuation of said 15, 17 and 19 West 4th St. to the latter figure of $297,000."

The petition averred that the property of the relator had been assessed at a higher proportionate valuation than that of other properties in the same tax district, and higher than other property in the borough of Manhattan, city of New York. Motion was made to quash or supersede the writ on the ground that the application made to the tax commissioners was wholly insufficient to raise the question of the inequality of the assessment as compared with property generally either throughout the city of New York or in that tax district.

John J. Delany, Corp. Counsel (George S. Coleman and E. Crosby Kindleberger, of counsel), for the motion.

Francis X. Butler, for relator.

·LEVENTRITT, J.   The petition seeks a revision solely on the· ground of inequality.   On the application to the tax commissioners only one instance of alleged inequality was set forth.   The petition does not set forth any additional ones.   This does not meet the requirements of the law.   Tax Law (Laws 1896, c. 908, p. 883) § 253; Rumsey on Taxation, 316;  People ex rel. Warren v. Carter, 109 N. Y. 576, 17 N. E. 222;  People ex rel. Boehm **v.** Wells (December 17, 1903) 92 N. Y. Supp. 769.

Motion to quash writ granted, with costs.